**Jack Richard McGEE, Petitioner–Appellant,**

**v.**

**Mike KNOWLES, Warden, Respondent–Appellee.**

**No. 05–17301.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jack Richard McGee, Ione, CA, pro se.

Michele J. Swanson, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Jack Richard McGee, a California state prisoner, appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging his convictions for lewd and lascivious conduct with a child under the age of 14. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

McGee contends that the revised version of California Jury Instruction, Criminal ("CALJIC") No. 2.50.01, violated his right to due process, because it permitted the jury to find him guilty of the charged offenses based solely on a finding by a preponderance of the evidence that he committed a prior sexual offense. We disagree.

The revised version of CALJIC 2.50.01 expressly instructs the jury that a preponderance of the evidence finding that McGee committed a prior sexual offense is not sufficient to prove the charged offenses beyond a reasonable doubt. We therefore conclude that the California Court of Appeal's decision denying McGee's due process challenge to CALJIC 2.50.01 was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d); *cf. Gibson v. Ortiz,* 387 F.3d 812 (9th Cir.2004).

To the extent McGee raises uncertified issues, we construe such argument as a motion to expand the Certificate of Appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.